UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO.: H-14-CR-043 |
| | § | |
| CONRAD ALVIN BARRETT | § | |

## UNITED STATES' OBJECTIONS TO THE PRE-SENTENCE REPORT (PSR)

The United States of America, by and through United States Attorney Kenneth Magidson, and Ruben R. Perez and Joe Magliolo, Assistant United States Attorneys for the Southern District of Texas, and Saeed Mody, by and through Vanita Gupta, Acting Attorney General for the Civil Rights Division for the Department of Justice, files its objections as follows:

I.

The United States maintains that Barrett's range of punishment should be increased by 2 levels under 3A1.1(b)(1) due to R.C. being a vulnerable victim.

"A court must increase an offense level by two if it determines that the defendant "knew or should have known that a victim of the offense was a vulnerable victim." § 3A1.1(b)(1). A "vulnerable victim" is "a person (A) who is a victim of the offense of conviction ... and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." § 3A1.1 cmt. n. 2. Section 3A1.1(b) does not apply, however, "if the factor that makes the person a vulnerable victim is incorporated in the offense guideline." *Id.* Section 3A1.1(b)(1) "is primarily concerned with the impaired capacity of the victim to detect or prevent crime, or a victim who is less able to resist than the typical victim of the offense." *United*

*States v. Wilcox,* 631 F.3d 740, 755 (5th Cir.2011) (citations and internal quotation marks omitted). The victims must have "an 'unusual' vulnerability" that applies to only some of the victims. *United States v. Moree,* 897 F.2d 1329, 1335 (5th Cir.1990). The determination of vulnerability, however, cannot be reduced "to a calculation of the victim's age or to a diagnosis of the victim's disease." *United States v. Mejia–Orosco,* 868 F.2d 807, 809 (5th Cir.1989)." United States v. Coe, 549 F. App'x 238, 243 (5th Cir. 2013).

In this case as the video shows, when R.C. was brutally attacked by Barrett, R.C. is frail and elderly and clearly did not see the attack was forthcoming, making him a vulnerable victim.

## II.

The United States maintains that Barrett's range of punishment should be increased by 2 levels under 3C1.1 and Application Note 4(D) due to Barrett obstructing or impeding the administration of justice.

If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the level by 2 levels.

In the instant case, Barret displayed a video to a couple showing R.C. being brutally attacked. The couple then flagged down a uniformed police officer. Barrett, when asked by the investigating officer to show him the video that he had shown to the couple, showed the officer a different video that reflected no criminal conduct on the part of Barrett. Barrett indicated on further questioning by the officer that it was the video that he had shown the couple. Barrett's lie was convincing enough to cause the officer to return to the couple and ask if they

2

were sure about the facts related to him. They told the officer that the video the officer described shown to him by Barrett was definitely not the one shown to them. Specifically, the video shown to the officer by Barrett did not reflect the criminal conduct that Barrett told the couple he had committed. Fortunately, although confused by Barrett as to what was actually on the phone the investigative officer retained Barrett's phone. Only after two forensic examinations of the phone, over the course of several weeks, was the actual video that was shown to the couple depicting the attack uncovered by law enforcement. The video led to the identity of the victim which otherwise would have been unknown to law enforcement. Without this video, this case could not have been prosecuted.

Barrett's showing the officer a different video knowing that the investigation had been initiated clearly resulted in a material hindrance to the official investigation and prosecution of the instant offense.

        Respectfully submitted,

        KENNETH MAGIDSON
        United States Attorney

By:   /s/ Ruben R. Perez
       RUBEN R. PEREZ
       Assistant United States Attorney
       (713) 567-9344

By:   /s/ Joe Magliolo
       JOE MAGLIOLO
       Assistant United States Attorney

       VANITA GUPTA
       Principal Deputy Assistant Attorney General
       Civil Rights Division

By:   /s/ Saeed Moody
       Saeed Mody
       Civil Rights Division

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the United States' Objections to the Pre-Sentence Report was electronically filed with the Clerk and e-mailed to the United States Probation Department and counsel for the defendant on October 8, 2015.

/s/ Ruben R. Perez
RUBEN R. PEREZ
Assistant United States Attorney

Attorney for Defendant
George Joseph Parnham
440 Louisiana
Suite 200
Houston, Texas 77002